09-1767-cv
Musalli Factory for Gold & Jewellry Co. v. JPMorgan Chase Bank, N.A.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

PRESENT:
> WILFRED FEINBERG,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Musalli Factory for Gold & Jewellry Co.,

> *Plaintiff-Appellant,*

> v.                                                                    09-1767-cv

JPMorgan Chase Bank, N.A., Chase Investment Services Corporation, Nicholas Gambella,

> *Defendants-Appellees.*

_____

FOR APPELLANT:    JOHN F. LAURO, Lauro Law Firm, New York, New York.
Lisa Beth Hymes, Armonk, New York.

FOR APPELLEE:    ANDREA LIKWORNIK WEISS (Alan H. Scheiner, *of counsel*), Levi Lubarsky & Feigenbaum, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).  **UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant appeals from the district court's March 31, 2009 order granting the Defendants-Appellees' motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).  We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss.  *Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010).  Where, as here, the complaint pleads claims of fraud and its affinities, the complaint is subject to the heightened pleading standards of Fed. R. Civ. P. 9(b).  *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010).  Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Conclusory statements and allegations are not enough to meet the Rule 9(b) pleading requirements.  *See In re Carter-Wallace, Inc., Sec. Litig.*, 220 F.3d 36, 40 (2d Cir. 2000).

According to the complaint, in December 2004, Nicholas Gambella ("Gambella") participated in a conference call with Abubaker El-Nagar ("El-Nagar") and Amir Boktor ("Boktor").  The complaint describes the interaction between El-Nagar and Gambella as follows:

> Boktor introduced Gambella as the vice-president of the investment department of JPMorgan New York and the representative for the JPMorgan Investment Program. Gambella described in detail the benefits of a JPMorgan Investment Program and his

2

role at JPMorgan in an effort to further the business relationship between Musalli and JPMorgan.

Plaintiff-appellant argues that this statement, and later email messages to Stokes in which Gambella denied the existence of the investment program demonstrate Gambella's participation in the fraud originated by Boktor and New York Financial ("NYF"). The complaint itself, however, only alleges that Gambella denied that Musalli placed funds in the investment program, not whether the program itself ever existed.

Rule 9(b) requires that the complaint allege facts with a greater specificity than is evident here. We hold that the complaint fails to allege with sufficient specificity facts that link Gambella, and JPMorgan Chase Bank in turn, to any fraud perpetrated by Boktor and NYF.

After reviewing the remaining issues and claims on appeal and the record of proceedings below, we affirm for substantially the same reasons articulated by the district court in its thoughtful and well-reasoned order and opinion.

Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk